## Commonwealth *v.* Curcio, Appellant.

*Criminal law—Murder—Jury—Challenge for cause—Capital punishment.*

Where a person called for jury service on the trial of an indictment for murder states that he has formed an opinion, that this opinion will be an element in the case, and that it would continue until the evidence should overcome it, he is properly challenged for cause by the commonwealth.

Where a juror states that he has conscientious scruples against capital punishment, but testifies that he could render a verdict according to the evidence, though it would worry his conscience, the discretion of the trial judge in sustaining the commonwealth's challenge for cause is not ground for error.

*Criminal law—Murder—Evidence—Rejection of evidence.*

On the trial of an indictment for murder the trial judge cannot be convicted of error in rejecting evidence, where it appears that even if the testimony had been admitted, it was immaterial for the purpose of affecting any ground of defense set up by the accused. In such a case the rejection of the testimony does the defendant no harm.

Argued April 29, 1907. Appeal, No. 161, Jan. T., 1907, by defendant, from judgment of O. & T. Lackawanna Co., Feb. T., 1906, No. 8, on verdict of guilty of murder of the first degree in case of Com. v. Saverio Curcio. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Indictment for murder. Before NEWCOMB, J.

At the trial Edward II. Strohl testified on his voir dier that he had formed a strong opinion about the case. He was examined and cross-examined, and finally challenged by the commonwealth. Finally he was examined by the court as follows:

" Q. Let me see if I understand you, Mr. Strohl. You say that you have an opinion, a strong opinion, at the present time? A. Yes, sir. Q. That if sworn as a juror you would still hold that opinion? A. Yes, sir. Q. You would hold it until such time as the evidence in the case would overcome it? A. Yes, sir."

The Court: The challenge is sustained. [1]

James J. May was challenged by the commonwealth for

cause because he stated that he had conscientious scruples as to capital punishment.

After examination and cross-examination he was examined by the court as follows:

" Q. It is not quite clear to my mind what you mean by your conscientious scruples. Do you mean that it would be a matter of conscience with you so that you would feel responsible for the death of the defendant, provided the death penalty should follow your verdict? A. Well, not if the evidence was exactly clear I don't think I would feel that way, but I am practically against capital punishment. Q. You mean that you are against it on conscientious grounds? A. Well—yes. Q. So that you are doubtful whether your conscience would permit you even in any case to render a verdict of murder in the first degree? A. Well—no; if the evidence was direct, and there was no doubt at all, why I certainly would render a verdict with the law and the evidence. Q. When you say direct evidence, you mean by that, that you could not render a first degree verdict, if any part of the evidence was circumstantial? A. I wouldn't on circumstantial evidence at all—I could not. Q. If any part of the case depended upon circumstantial evidence, your conscience would not permit you to render a verdict of murder in the first degree? A. I believe not, no, sir."

The Court: The challenge for cause is sustained. An exception noted for the defendant. [2]

When H. L. Taylor was on the stand, the following offer was made:

Mr. Reedy: We propose to prove by the witness on the stand that he met Dr. Bessey after the last trial of this case and that Dr. Bessey then told him that the wound in the arm was inflicted by a bullet passing from front to rear.

Mr. O'Brien: We object to it for the reason that no ground has been laid on the examination of Dr. Bessey when he was on the stand, for this contradiction. What is the purpose of this offer, Mr. Reedy?

Mr. Reedy: For the purpose of contradicting Dr. Bessey?

The Court: I think the objection is well taken and is sustained, and exception noted for the defendant. [4]

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* among others were (1, 2) sustaining challenges ; (4) ruling on evidence, quoting the bill of exceptions.

*David J. Reedy*, with him *Herbert L. Taylor*, for appellant.

*Joseph O'Brien*, district attorney, with him *T. A. Donahoe*, assistant district attorney, for appellee.

OPINION BY MR. JUSTICE ELKIN, May 20, 1907 :

A sense of professional duty, always commendable, but in the present case scarcely warranted by the facts, has impelled the learned counsel for appellant to bring to the consideration of this court nineteen assignments of error. We have carefully considered these assignments, and as a result of our examination have concluded that no one of them, nor all of them combined, constitute reversible error. They do show diligence and research by those intrusted with the interests of their client. The case has been twice tried in the court below, and is here a second time for review. When the case was here before it was decided that there was sufficient evidence produced at the trial to require that the question of manslaughter should have been submitted to the jury, and that it was error in view of all the testimony to peremptorily charge that the defendant should either be convicted of murder, or acquitted on the ground of self-defense. On this ground alone the case was sent back for trial and that question does not arise on this appeal.

The errors now alleged relate to the challenge of jurors ; the refusal to permit the defendant to offer certain testimony by way of contradiction ; the instructions of the trial judge in defining the different degrees of murder ; the refusal to admit testimony showing the reputation of the Black Hand Society ; and the adequacy of the charge. We are not convinced that any of the matters complained of did the defendant any harm, or that any right vouchsafed by law to a person on trial for murder was denied this defendant. The charge was exhaustive and covered every phase of the case. It was a full, fair and complete presentation of the law as related to the facts, and in our opinion, the defendant has no just cause of complaint. We had some hesitation about the

fourth assignment, but on the whole are inclined to agree with the learned trial judge that the refusal to admit this parol testimony by way of contradiction, the ground for which had not been properly laid, did the defendant no harm, because, even if the testimony had been admitted, it was immaterial for the purpose of affecting either ground of defense set up by the accused. It certainly does not amount to reversible error. The defendant has had the advantage of two trials before juries of his peers according to the law of the land, under the supervision of a learned trial judge, and we are not convinced either that there has been a miscarriage of justice, or that he has been denied any rights to which he was entitled under the law.

The assignments of error are, therefore, overruled and judgment affirmed.